## Basham, County Judge of Breckinridge County, et al. v. Kissinger, County Judge of Grayson County, et al.

(Decided January 22, 1926.)

### Appeal from Breckinridge Circuit Court.

1.  Mandamus—That Since Rendition of Judgment Against County, Ordering it to Erect Bridge with Another County, Modes of Travel Changed, Rendering Bridge Unnecessary, Held Not Ground for Relieving County from its Judgment Obligation.—That since the rendition of judgment against county, ordering it to co-operate with another county in erecting a joint bridge by appointing commissioners pursuant to Ky. Stats., section 4309, modes of travel changed so as to render the bridge no longer a necessity, held not ground for relieving the county from its judgment obligation.

2.  Mandamus—Judgment of Mandamus Against County to Compel it to Co-operate with Another County in Erecting Joint Bridge Held Proper.—Where a judgment in favor of plaintiff county against defendant county, based on an agreement to build a joint bridge, and requiring defendant to co-operate in building the bridge, by appointing commissioners pursuant to Ky. Stats., section 4309, was not vacated, modified, nor appealed from, in a mandamus suit against such county based on such judgment,

judgment ordering defendant to appoint commissioners and to carry out the judgment held proper, as being the only judgment that could have been rendered.

ALLEN R. KINCHELOE for appellants.

ALLEN P. CUBBAGE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

It is sought by this appeal to reverse a judgment awarding a writ of mandamus against the appellants, whom we will refer to as Breckinridge county, requiring that county to proceed at once to appoint commissioners to act with commissioners appointed by appellees, hereafter referred to as Grayson county, and with the road engineer of each of these counties, in calling for plans and specifications and advertising for bids and doing other things necessary for the construction of a bridge across Rough creek, between these counties near Hornback's Mill.

In the year 1914, the fiscal court of these two counties acting in concert, under section 4309 of the Kentucky Statutes, each entered an order agreeing to erect a joint bridge across Rough creek, agreeing to the necessity of a bridge at that place, and pursuant to that agreement, the two counties erected abutments on each side of the creek at the cost of about $1,700.00, which the two counties paid. At this juncture, Breckinridge county refused to do anything more toward the building of the bridge, and in 1915, a suit was brought by the governing authorities of Grayson county against the governing authorities of Breckinridge county, seeking to compel the erection of the bridge. In that suit it was ordered that Breckinridge county proceed to cooperate with Grayson county in the completion of the bridge by appointing commissioners, etc.

About that time, the World's War was raging with such fury and such demands were made for structural steel and other materials that the prices of those things, if obtainable at all, had been so enhanced thereby that neither of the two counties pushed the matter, until October, 1922, when Grayson county appointed commissioners and renewed its efforts to get the bridge constructed. Breckinridge county refused to appoint commissioners or cooperate in any way, and this suit re-

sulted. Breckinridge county, by its pleadings, admits the rendition of the judgment in 1915, requiring it to cooperate, but insists that such changes have been made in modes of travel that the bridge is no longer a necessity, and raising many other questions; but we cannot consider these questions, as we have before us an agreement to construct this bridge, and the judgment of the Breckinridge circuit court requiring Breckinridge county to carry out that agreement, and this is a suit upon that judgment. That judgment has never been vacated, modified or appealed from, and when this suit was brought there was nothing the circuit court could do but mandamus Breckinridge county to appoint commissioners, and carry out that judgment. That the trial court did, and its judgment is affirmed.